IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN JOHNSON ELLIS                                                            PETITIONER
ADC #121088

v.                              2:22-cv-00150-LPR-JJV

DEXTER PAYNE, Director,
Division of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I. INTRODUCTION**

Petitioner John Johnson Ellis, an inmate of the Arkansas Division of Correction's East Arkansas Regional Unit, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*. (Doc. No. 2.) Mr. Ellis challenges his November 30, 2018 convictions of murder in the second degree and battery in the first degree in the Pulaski County Circuit Court.[1] (*Id*. at 1.)

---

[1] Mr. Ellis's Petition erroneously states that he was convicted of murder in the first degree. (Doc. No. 2 at 1.) However, the Arkansas Court of Appeals correctly reflects his conviction of murder in the second degree. (*Id*. at 29.)

Mr. Ellis was sentenced to a total of eighty years imprisonment, receiving forty years on the charge of murder in the second degree, twenty years on the charge of battery in the first degree, and a combined twenty years on two firearm enhancements. (*Id*. at 29.) In the Petition for Writ of Habeas Corpus now before the Court, Mr. Ellis raises several claims for relief. (*Id*. at 5-10.) Although difficult to ascertain Mr. Ellis's precise grievances, he alleges that nearly all evidence used against him at trial was false and that he received ineffective assistance of counsel on direct appeal. (*Id*. at 5-10.)

I have conducted a preliminary review of Mr. Ellis's Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed for the following reasons: first, Petitioner failed to pay the statutory filing fee; and second, the Petition is time-barred.

## II. ANALYSIS

### a. *Failure to Pay Filing Fee*

Pursuant to Rule 3(a)(1) of the Rules Governing Section 2254 Cases, habeas petitioners are required to pay the applicable filling fee. If the petitioner cannot pay the fee, Rule 3(a)(2) directs them to file a motion for leave to proceed *in forma pauperis*. On August 29, 2022, Mr. Ellis filed a Motion for Leave to Proceed *in forma pauperis* along with his Petition for Writ of Habeas Corpus. (Doc. No. 1.) Because Mr. Ellis had sufficient funds in his prison account to pay the statutory filing fee, I denied that motion on August 30, 2022 and directed him to either pay the fee within thirty (30) days or provide the Court with a statement explaining why he was unable to do so. (Doc. No. 4.)

Mr. Ellis then filed two additional motions to proceed *in forma pauperis*.[2] (Doc. No. 15, 17.) The Court, on both occasions, directed Mr. Ellis to either pay the filing fee or explain why he could not, warning that his failure to do so might result in his Petition being dismissed. (Doc. No. 13, 16, 19.) Again, Mr. Ellis responded by filing two additional motions for leave to proceed *in forma pauperis*. (Doc. No. 20, 22.)

The August 30, 2022 Order gave Petitioner thirty (30) days to comply and was followed with three additional Orders directing him to either pay the fee or explain why he could not. (Doc. No. 4, 13, 16, 19.) Because that time has passed and Petitioner failed to pay the filing fee, his Petition must be dismissed.

    b. *Time Bar*

Even if Mr. Ellis had paid the filing fee, he would not be entitled to relief. Mr. Ellis's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

---

[2] It seems to be a common theme with Petitioner to disregard court orders and instead file miscellaneous documents, such as filing a motion for leave to proceed *in forma pauperis* after an order denying the same. *See Johnson v. Doe*, 2:22-cv-00018-BSM (E.D. Ark. 2022).

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment[s] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Ellis appealed his conviction to the Arkansas Court of Appeals and his conviction was affirmed. *See Johnson v. State*, 2020 Ark. App. 157 (CR-2019-253). Mr. Ellis filed a petition for rehearing, and the Arkansas Court of Appeals denied that petition on April 22, 2020. *See John Ellis Johnson v. State of Arkansas*, CR-19-253, http://caseinfo.arcourts.gov. Thereafter, Mr. Ellis filed a petition for review with the Arkansas Supreme Court, and his petition was denied on June 18, 2020. *Id*. Pursuant to Arkansas Supreme Court Rule 5-3, when a petition for review is filed, the decision becomes final when "there has been a final disposition thereof." *See* Ark. Sup. Ct. R. 5-3(a). Accordingly, the judgement became final on June 18, 2020, the day the Arkansas Supreme Court denied Mr. Ellis's petition for review.

Mr. Ellis filed his Petition for Writ of Habeas Corpus in this Court on August 29, 2022. (Doc. No. 2.) Thus, over two years elapsed between June 18, 2020, the day the judgment became final, and August 29, 2022, the day Petitioner filed the Writ of Habeas Corpus. Accordingly, Mr. Ellis's Petition for Writ of Habeas Corpus was filed far outside the one-year period of limitation. As for whether any time was tolled, my review of state court records and the Petition fails to show any support for either statutory or equitable tolling. As for statutory tolling, it does not appear that

any applications for post-conviction relief or collateral review were filed other than the appeals discussed above. As for equitable tolling, Mr. Ellis does not allege he is entitled to equitable tolling, and a careful review of the Petition fails to support any equitable tolling.[3]

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Ellis's Petition is untimely, dismissal is appropriate. If Mr. Ellis has information to show he is entitled to either statutory or equitable tolling, he should so state in his objections to this recommendation.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2.) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 5th day of October 2022.

---

[3] Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE